ELIZABETH LEGG, Appellant, v. SWIFT & COMPANY, Respondent.

Kansas City Court of Appeals, November 11, 1912.

EMPLOYEES' INSURANCE: Pleading: Parties: Trustees: Equity. A voluntary association of employees of a packing house was formed by a deed of trust in which, under certain rules, an insurance and sick benefit fund was provided by a certain portion of the weekly wages of the employees. Trustees were appointed with full control and management of the fund, which by agreement with the packing house company was left in its hands to be paid out on the order of the trustees or a manager appointed by them. In an action in equity against the packing house alone, it was *held* that an insured claiming a part of the fund by reason of an injury, or his beneficiary by reason of his death, should state in his petition that his claim had been examined and audited and an order made out for the money, or allege some excuse why that allegation could not be made. And *held*, further, that the party in whose hands the funds were kept occupied a mere ministerial position to pay upon order, and that the trustees should be made parties defendant.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

AFFIRMED.

*Fulkerson & Fulkerson* and *R. T. Newcomer* for appellant.

*R. A. Brown* for respondent.

ELLISON, J.—Plaintiff's deceased husband was in the employ of defendant, who conducts large beef packing establishments in several cities. Her husband took out a benefit certificate of insurance against disability from accidents and for the payment of a sum of money if an accident resulted in death. He was injured by the carcass of a beef falling upon him,

and in about two years died from the injury. Suit was instituted by a bill in equity. Defendant demurred to the petition as not stating a cause of action and the trial court sustained the demurrer. Plaintiff declined to amend and appealed.

It appears that a scheme of insurance for its employees was devised by defendant, its officers and employees generally, whereby defendant would deduct a certain amount from the weekly wage of the employee, the amount depending upon the class. The scheme was embodied in a deed of trust and an agreement, both of which are pleaded. The deed of trust is quite lengthy in detail, all of which need not be referred to. The parties of the first part are some fifteen persons; and the parties of the second part are five persons, and it is recited that the parties of the first part are desirous of providing for themselves and such other persons who shall come in under the deed, "benefits in case of sickness, accidents or death, and for that purpose are desirous of providing for the safe-keeping and management of all funds that may be obtained or contributed for that purpose." It then recites that the parties of the first part have requested the parties of the second part "to act as first trustees of the said funds," and that they have agreed to do so; and that the funds shall consist of contributions from members and interest thereon. It is then recited that the conduct of the business of the association shall be by an advisory committee of fifteen members, who shall determine the requirement necessary for membership, fix the classes and determine the amount of contributions and benefits.

It is then recited that "the trustees of the association" (who are parties of the second part in the deed of trust) shall appoint a manager who shall have charge of all the business pertaining to the association and they shall also appoint a medical director.

It is then provided that the trustees have full power and authority over all funds belonging to the association, without incurring any personal liability; and they are given authority to enter into an agreement with Swift & Company (defendant) providing for the handling of all funds by that company, who are to pay interest thereon at five per cent on all monthly balances, and are to "provide for the expenses of operating the association," and "guarantee the payment of all benefits as provided by the rules."

The petition then alleges that by the aforesaid authority in the deed of trust, the trustees therein named executed the agreement contemplated by the deed. The agreement is then set out, whereby it appears that Swift & Company (this defendant) are to deduct from the pay rolls out of wages due its employees who are members of the association, the requisite amounts from time to time for the purpose of making the contribution required by the rules, which they are to hold under the provisions of the agreement, and are to pay out of such funds the association liabilities upon the order of the trustees or the manager of the association. They likewise agree to pay interest and provide for the operating expenses and to make good any deficiency of funds to meet obligations to members.

There has been much said in the briefs about the law of trusts and trustees, which we need not discuss. It seems clear the trial court was right in sustaining the demurrer. Swift & Company, the only party proceeded against by plaintiff, are not shown to be in default by the allegations of the petition. They are shown to be mere custodians of the fund for payment of such claims against the association as may come into existence by reason of a member getting hurt, or becoming sick, or dying. It clearly appears, as we have already stated, that the conduct of the business of the association is to be with the advisory committee which

determines the amount of contributions, how collected, and the amount of benefits, and the trustees, into whose hands is lodged full power over the funds of the association with a duty of appointing a manager and medical director. Such manager is shown to have immediate management of the business; and the medical director decides when a member is disabled and when ready for work, reports the condition of the sick, etc. All that part of the association's business which relates to matters of admission of members, which passes upon the justness or propriety or legality of claims, are matters with which defendant has nothing to do. In short, defendant has no concern in any part of the grievances set forth by plaintiff. Defendant's duty, as shown by the pleading, is "to pay out of the funds or benefits required to be paid by the association, *upon the order of said trustees or the manager of the association,*" under the rules of the association.

The sole conditions which would cast a duty upon defendant and upon which a liability would arise, are not stated. Nor is there any excuse alleged. There is no allegation of facts which would have made it the duty of the trustees or manager to order defendant to pay deceased, or plaintiff since his death. Nor is there anything alleged which would show that it became the duty of those officers whose acts preceded the duties of the trustees or manager. It is alleged that deceased presented himself to the medical examiner for examination and that he made claim for accident benefits, but it is not alleged that he was examined or was refused examination, or that he demanded an order on defendant for the money due him. It is alleged that proofs of death were made, but mere proof of death would not cast a duty upon defendant.

The whole amount claimed by plaintiff is $1424; of this sum $624 is for "accident benefits," accruing between the injury and the death two years after-

wards, and yet there is no statement particularizing this. Indeed, the whole idea of plaintiff, as is clearly to be inferred from the petition, is to throw upon defendant the burden of defending an unascertained claim, when its only duty is the ministerial act of paying out funds upon order of the association with which deceased had his contract.

We do not see why the mere stating of her complaint as in equity (in the circumstances here shown) should allow plaintiff any more privileges or relieve her of any of the necessities of stating a case than if the action had been at law. Nor do we see that plaintiff's petition is aided by the authorities cited. This defendant has not been guilty of a breach of trust. If deceased took such steps as to cause his claim for benefits to be adjusted and audited by the proper officers under the rules of the association, then it became the duty of the trustees or the manager to order its payment by defendant. So if plaintiff, after deceased's death, so far complied with the rules of the association as to entitle her to the sum for which the certificate of insurance called for in case of death, it became the duty of those officers to order defendant to pay it. [Hammerstein v. Parsons, 38 Mo. App. 332, 338.] Otherwise it was not.

It seems to us the vital interest which the petition discloses that other parties have, and the predicament in which this defendant would be, as relating to those interests, have not been fully appreciated by plaintiff, as is evidenced by instituting her action against defendant alone. There are trustees of the fund, who are in control of it for the benefit of scores of others insured as deceased was. They are not made parties to this action and would not be bound by it. If plaintiff may proceed against this defendant alone, so may every other insured, and thus a hazard be put upon defendant which neither equity nor law will justify. Defendant has not been vested with any title to the

fund by the deed of trust, the agreement, or the rules; its duty being, as already stated, merely to pay out the fund upon the presentation of a proper order. [Leyden v. Owen, 150 Mo. App. 102.]

The judgment should be affirmed. All concur.