WILSON *v.* THE RUDOLPH WURLITZER CO.

(Decided March 5, 1934.)

*Mr. Kenneth P. Mooter,* for plaintiff in error.
*Messrs. Harmon, Colston, Goldsmith & Hoadly,* for defendant in error.

ROSS, J. Error is here prosecuted to the judgment of the Court of Common Pleas of Hamilton county, wherein the judgment of the Municipal Court of Cincinnati in favor of The Rudolph Wurlitzer Company, the defendant in that court, was affirmed.

The third amended bill of particulars alleges that

James J. Wilson was an employee of The Lyric Piano Company, a subsidiary corporation of The Rudolph Wurlitzer Company; that he had been in the employ of such Lyric Piano Company for more than twenty-four years, and was entitled by reason of his services as such employee to a pension, which defendant in error refuses to pay. Judgment is asked for the eleven monthly installments preceding the filing of this action.

The defendant denied the employment of the plaintiff in error, and denied that there was any contract to pay him a pension. Judgment was rendered for the defendant upon a motion for dismissal, at the close of the plaintiff's case.

Without reviewing the evidence in detail it is only necessary to say that there was ample evidence to show that the defendant in error was so directly and intimately connected with The Lyric Piano Company, its subsidiary company, that the plaintiff in error was, for the purposes of this action, unquestionably an employee of the defendant in error.

The basis of the claim of the plaintiff in error is predicated upon the following section of a booklet placed in the hands of the plaintiff in error and his fellow employees by the defendant in error:

"Pension System.

"To employees of good standing, who in the opinion of the officers of the company, have been loyal and faithful to our company over a period of 10 years or more, and who have grown old in our service, we will pay 2% on the entire amount earned each year, which will be paid in monthly installments for life. The largest pension we pay anyone is $100.00 per month, $1,200 a year. For example, an employee that has earned $900.00 per year:

"Worked 10 years at $900.00 a year—
$9,000.00. Pension, $15.00 per month.

"Worked 15 years at $900.00 a year—
$13,500.00. Pension, $22.50 per month.
"Worked 20 years at $900.00 a year—
$18,000.00. Pension, $30.00 per month.
"Worked 25 years at $900.00 a year—
$22,500.00 Pension, $37.50 per month.
"Worked 30 years at $900.00 a year—
$27,000.00. Pension, $45.00 per month.

"From the above table you can easily figure what your pension would amount to. It pays to be loyal. A rolling stone gathers no moss!"

This booklet is entitled "Suggestions for your success and the policy for the Welfare of our Employees." On the inside of the cover is the statement: "He who serves best receives most." Upon the second page, appears the following:

"For You.

"This booklet was written for your interest and the attention of every employee throughout the organization of The Rudolph Wurlitzer Company.

"There is something on every page of this booklet that should be of vital importance to you, that is, of course, if you desire to become successful with the vast amount of opportunities before you. The employees who shoulder the greatest responsibilities and have become most successful in our organization today are only those who have strictly adhered to and closely observed the simple but necessary rules and policies.

"After all, the important part of any rule is the spirit of it. This is gained by understanding the wisdom and necessity of the rule, and not by mere obedience because it is a rule. No rule seems hard when you see that it is wise—worked out from experience made necessary by existing conditions.

"Every possible method has been outlined for your welfare and protection while in our employ. Your saving, bonus, compensation for promptness and effi-

ciency, protection during sickness, pension and insurance have all been thoroughly explained in this booklet.

"All that we ask is that you kindly read every page and feel that you are a part of an organization which is doing everything within its power for your success and welfare.

"The Rudolph Wurlitzer Company."

The booklet also contains many inspiring statements, such as: "No one can cheat you of final success but yourself." "Success does not come by wishing for it, but by working for it." "It would be an injustice to you if we did not correct you. If you are worth while correcting, you are worth while keeping." "A competent employee cannot be held down and an incompetent one held up." "A man with push can get there, but it takes a man with character to stay there."

Considering the language adopted by the defendant in error in defining its "Pension System", the plaintiff in error qualified in every way for the application of the same to him. The excuse offered for the refusal of his pension is trivial and a plain evasion of the responsibilities incurred.

The facts were that the plaintiff in error had faithfully served his employer for more than twenty-four years, with one trivial exception. Not the slightest complaint was registered against him. It appears, however, that shortly before his discharge, he was requested to stay at night and work overtime in the salesroom. This he did, although he was compelled to cancel an important engagement for that evening, which he continued until the next. On the succeeding evening he was required again to work at night. He explained his difficulty and begged indulgence, and because the emergency was such as to require him to refuse to stay that evening he did not work that night. He was then summarily discharged. He was sixty-five years of age, had "grown old in the service" of his

employer, and had been obviously a loyal and faithful servant for "a period of 10 years and more." He had long since been entitled to his pension.

It is plain that the pension plan was an integral part of the program for his employment. To say that it constituted merely a nebulous inducement, unsupported by an intent to be bound by the provisions mentioned, is to charge the employer with the grossest fraud. This provision constituted a continuing part consideration for the services rendered by the employee. It was a daily inducement to continuation of service and to exertion to satisfy, which was successful for more than twenty-four years.

The fact that the employment was subject to the will of both parties only makes the character of the inducing provisions more binding upon the employer. Where in the construction of a contract, terms are susceptible of two interpretations, one of which results in a conclusion that the writer of the contract was guilty of gross fraud and deceit, and the other in the expression of an honest purpose, no authority need be cited to sustain the position that the latter interpretation will be placed upon the contract.

In the instant case, it is our conclusion that the defendant in error honestly contracted with the plaintiff in error to pay him a pension after 10 years or more of service, which in the opinion of the officers of the company had been faithful and loyal, and that such an opinion was to be based upon substantial reasons and not upon mere whim or caprice, amounting to direct evasion of a concrete responsibility definitely assumed.

The judgments of the Common Pleas and Municipal Courts will be reversed and the cause remanded for a new trial.

*Judgments reversed and cause remanded.*

HAMILTON, P. J., and CUSHING, J., concur.