Nora Umshler, Appellant, v. Arthur M. Umshler and Illinois Central Railroad Company, Appellees.

Gen. No. 43,929.

Opinion filed November 19, 1947. Released for publication December 24, 1947.

NELSON, BOODELL & GRANT, of Chicago, for appellant; THOMAS P. GRANT, of Chicago, of counsel.

JOHN W. FREELS and HERBERT J. DEANY, both of Chicago, for appellees; VERNON W. FOSTER and CHAS. A. HELSELL, both of Chicago, of counsel.

MR. PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff filed a complaint for separate maintenance against her husband Arthur M. Umshler which prayed, among other things, that certain pension funds alleged to be due him from defendant Illinois Central Railroad Company, a corporation, his former employer, and members of its board of pensions be sequestered for the benefit of plaintiff. Defendant Arthur Umshler was served by publication; he filed no appearance or answer. Issue was joined by defendant railroad company and individual members of its board of pensions, evidence was heard and a decree was entered by the chancellor denying the relief prayed for as to defendant railroad company and the members of its board of pensions. Plaintiff appeals.

The amended complaint alleges in substance that plaintiff and defendant Arthur M. Umshler were married on February 12, 1895 and lived together as husband and wife until June 30, 1941, when defendant wilfully deserted her without reasonable cause and without making suitable provision for her separate maintenance and support; that on June 30, 1941, defendant Umshler retired on a pension paid by the railroad company and its board of pensions, and that defendant Umshler has refused to return to plaintiff and that she is now without funds or property.

The amended complaint further sets forth *verbatim* the rules and regulations of the pension plan of the defendant railroad company the pertinent provisions of which are as follows: That the pension department shall be administered by a board of officers to be known as the board of pensions whose members shall hold office subject to the will of the president; that subject to the approval of the president the board shall have power to determine the eligibility of employees to receive pension allowances, to fix the amount of such allowances, and prescribe the conditions under which such allowances may enure; that the actions of the board when approved by the president shall be

final and conclusive; that pension allowances authorized pursuant to these regulations shall be paid monthly during the life of the pensioner, provided, however, that the board at its election and in its sole discretion and with or without cause may withhold, suspend, terminate, or permanently discontinue all or any part of any pension allowance; that no assignment of pensions will be permitted or recognized; that neither the action of the directors in establishing a system of pensions nor any other action heretofore, now or hereafter taken by them or by the board in the inauguration, continuation and operation of a pension department or the allowance of any pension shall be construed except as a gratuity from the company subject at its election and in its sole discretion, with or without cause, to be withheld, suspended, terminated or permanently discontinued, or as giving to any officer, agent or employee of the company a right to be retained in its service, or any right or claim to any pension allowance, and the company expressly reserves its right and privilege to discharge at any time any officer, agent or employee without liability for any claim for pension or other allowance than salary or remuneration due and unpaid.

Defendant railroad company and individual members constituting its board of pensions filed an answer averring that the defendant Umshler ceased to be an employee of the defendant railroad on June 30, 1941; that on or about July 9, 1941, he filed his application in writing for a pension allowance, which was authorized at a meeting of the board of pensions held on July 21, 1941; that on January 31, 1942, defendant Umshler received an initial payment of $59.12; and that he has received no other allowance by way of pension or gratuity from defendants or any one of them.

The answer further avers that the railroad company and members of its board of pensions do not have or maintain a pension fund, and deny that defendant Umshler has any vested right, title or interest in and

to any monthly pension in any amount whatsoever from either the defendant railroad company or from the defendants constituting the board of pensions of the defendant railroad company.

The record discloses that defendant Arthur Umshler deserted the plaintiff on June 30, 1941; that she has not seen him since nor does she know where he is; and that in November, 1941 he sent her $300 and has paid her no money since.

Defendant R. E. Connolly, called as a witness in behalf of the plaintiff, testified in substance that he is a director and vice president in charge of accounting, secretary and treasurer of defendant railroad company and also secretary of its board of pensions; that "the pension board does not have a fund . . . . We pay the pension board out of the corporate treasury . . .; the pension board decides whether a man is entitled to a pension and acts, and that is certified to a pension department and a regular payroll is established . . . and charged against the payroll. . . . The pensions come right out of the corporate fund of the railroad and have since 1901. Pensions are limited to employees in supervisory capacity and for an employee not covered by labor agreements; that defendant Umshler worked for defendant railroad corporation for twenty-nine and a half years and severed his full time employee relations on June 30, 1941''; and that after deducting group insurance, hospitalization benefit and pension income tax defendant Umshler's gross pension is reduced to monthly payments of $59.12.

The decree found, *inter alia,* that neither the defendant railroad company nor the defendants who compose the personnel of the board of pensions are legally obligated to pay any pension to the defendant Arthur M. Umshler.

Plaintiff's principal contention is that defendant railroad company having once "established a pension plan" cannot arbitrarily remove Umshler, its former

employee, from the pension roll. In support of her position plaintiff cites *Schofield v. Zion's Co-op. Mercantile Institute,* 85 Utah 281, 39 P. (2d) 342; *McLemore v. Western Union Telegraph Co.,* 88 Ore. 228, 171 Pac. 390; *Wilson v. Rudolph Wurlitzer Co.,* 48 Ohio App. 450, 194 N. E. 441, and the dissenting opinion in *Macnevin v. Solvay Process Co.,* 32 App. Div. 610, 53 N. Y. S. 98.

The uncontroverted evidence shows that the pension plan of defendant railroad company is wholly voluntary. All the benefits are paid out of the corporate treasury. No pension fund is provided, nor were any contributions required of or made by defendant Umshler or any other employee and, so far as the record shows, all the expense of the administration of the plan is borne by defendant railroad company. The application for a pension allowance signed by defendant Umshler recites: "I understand that any pension allowance granted me . . . is a gratuity which may be discontinued at the pleasure of the company."

The language of the application for a pension allowance and the rules and regulations, upon which plaintiff's right of action is based, is plain and unambiguous. In our opinion the benefits provided for in the pension plan of defendant railroad company are clearly gratuities. (*Menke v. Thompson,* 140 F. (2d) 786; *Fickling v. Pollard,* 51 Ga. App. 54, 179 S. E. 582; *Shear Co., v. Harrington* (Tex. Civ. App.), 266 S. W. 554; *Macnevin v. Solvay Process Co.,* 32 App. Div. 610, 53 N. Y. S. 98; *Webster v. South Western Bell Tel. Co.* (Tex. Civ. App. 1941), 153 S. W. (2d) 498.)

Plaintiff maintains that the more recent cases involving similar pension plans hold that a contract to pay an employee a stipulated pension *for life* is not a gratuity, citing *Schofield v. Zion's Co-op. Mercantile Institute,* 85 Utah 281, 39 P. (2d) 342. It should be noted that *Menke v. Thompson,* 140 F. (2d) 786, was decided almost a decade after the *Schofield* case.

Moreover, we think the cases sustaining defendant's position are best reasoned and most analogous to the case at bar.

Plaintiff insists that defendant Umshler was capriciously removed from the pension roll. It appears that shortly after the filing of the complaint an injunction was issued restraining defendant railroad company and its board of pensions from paying out pension funds to plaintiff's husband. Thereupon, according to plaintiff's witness Connolly, defendant Umshler then "was removed from the pension roll because of the injunction." Under the rules and regulations of the board of pensions it was empowered to withhold, suspend, or terminate all or any part of any pension allowance with or without cause. Inasmuch as the benefits of the pension plan are gratuities, defendant railroad company could condition its bounty in any manner it deemed best, as provided in the rules and regulations. We hold that the decision of the board of pensions to remove defendant Umshler from the pension roll was conclusive and barred any claim to a pension allowance, by him or his wife, the plaintiff, and that the decree properly denied the relief asked for in the complaint.

We have considered the other points urged and the authorities cited in support thereof, but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons assigned, the decree is affirmed.

*Decree affirmed.*

KILEY and BURKE, JJ., concur.