BERTHA HOFFMAN et al., complainants,

v.

FREDERICK RAUCHMILLER et al., defendants.

[Decided December 24th, 1923.]

1. Where payment on account of the principal of a mortgage is claimed the burden of proof is on the defendant to establish such payment, a receipt is only *prima facie* evidence of payment, and the payment evidenced by it may be rebutted.

2. Evidence examined, and *held* that the receipt in question is a forgery.

On bill, &c.

*Messrs. Lehlbach, Johnson & Ormond* (by *Mr. Johnson*), for the complainants.

*Mr. Merritt Lane,* for the defendants.

CHURCH, V. C.

This case was for the foreclosure of a mortgage between the parties and the sole question involved is one of fact. That is, did the defendant, on or about October 1st, 1921, pay to the complainant the sum of $3,000 on account of the principal of the mortgage? It appears from the testimony that on or about the day the defendant went to the home of the complainants and made some payment. On the next interest day he appeared and offered a smaller sum as interest on the remainder of the mortgage, which he claimed was $500, he saying that on October 1st, 1921, he had paid $3,000 on account of the principal. The complainant denied that the defendant had paid $3,000 on account of principal, and therefore this suit.

The defendant produced in court a receipt signed by the complainant for $3,087.50. He produced a check for $87.50,

which, admittedly, was the interest. He produced also a receipt signed by Hoffman, apparently, for $3,087.50. Mr. Hoffman says that he never received the $3,000. He says as to the receipt that it looks like his signature; he is not sure.

I questioned the defendant as to why, if he had, as he testified, sufficient money to pay the whole thing in cash he did not do so and why he elected to pay the larger sum in cash and the smaller sum by check. His explanation is not satisfactory. The whole case, it seems to me, turns on the question as to whether or not the receipt supposedly signed by William Hoffman was really signed by him. The burden of proof of payment is upon the defendant. A receipt is only *prima facie* evidence of payment and the payment as evidenced by it may be rebutted.

I directed that handwriting experts should be produced before me to testify as to whether the signature of William Hoffman was or was not genuine. The handwriting experts produced for the complainants had evidently given the case the most careful consideration, and, in their opinion, the signature was a forgery. The expert for the defendant, a very distinguished handwriting expert of unquestioned reputation, had evidently given very little consideration to the case, and his testimony dealt very largely in generalities and showed that he had not made a careful consideration of the signatures.

Another fact that impresses me is this, that there is no record that the $3,000 claimed to have been paid was ever deposited in any bank to the credit of the complainant. I am impressed with the sincerity and truthfulness of the complainant and his wife and of the rather evasive manner of the defendant on the witness-stand.

I have come to the conclusion that the signature on the receipt is a forgery and that on October 1st, 1921, the defendant only paid to the complainant the sum of $87.50.

I find, therefore, that $3,500 is due on this mortgage, with proper interest.