29 N.J. Super. 401 (1954)
102 A.2d 636
BENJAMIN H. PRIEST, AS EXECUTOR OF THE ESTATE OF JULIA COLE, PLAINTIFF-RESPONDENT,
v.
SAMUEL POLESHUCK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1953.
Decided January 19, 1954.
*403 Before Judges CLAPP, GOLDMANN and EWART.
Mr. William Gelfond argued the cause for defendant-appellant (Mr. John S. Giava, on the brief).
Mr. Benjamin H. Priest argued the cause for plaintiff-respondent.
PER CURIAM.
Defendant appeals from a judgment entered in the Law Division on a jury verdict in favor of plaintiff for the sum of $595.97, and of no cause of action on defendant's counterclaim.
By his complaint, as modified by the pretrial order, plaintiff-executor sued on a book account for goods sold and delivered to defendant, demanding judgment for a balance due of $496.64, plus interest and costs. Defendant counterclaimed for $493.36, together with interest and costs. The book account attached to the amended complaint shows a total billing of $6,847.64 for goods sold and delivered by decedent, who was an interior decorator, and payments credited totalling $6,351, leaving the claimed balance of $496.64. Defendant's counterclaim is based upon purchases in the sum of $6,606.64 (this represents the total purchases of $6,847.64 set out in the complaint, less credits *404 of $51 for a defective club chair and $190 for two end tables which defendant claims Julia Cole loaned him and which she failed and refused to take back although defendant tendered their return), and payments of $7,100, resulting in an overpayment of $493.36.
Involved on this appeal are two payments of $300 and $500 for which defendant claims he received no credit. He exhibited two receipts signed by Julia Cole, respectively dated March 3, 1947 and November 8, 1949, as proof that such payments were made. The receipts were admitted in evidence.
There were only two witnesses: Marjorie Jones, who for eight years had served as secretary and bookkeeper to Miss Cole, and defendant. Miss Jones testified that $496.64 remained unpaid as shown by the Cole books of account received in evidence. Defendant then took the witness stand and presented the two receipts for $500 and $300. In rebuttal Miss Jones testified that the custom at the Cole establishment was not to enter customers' payments on the date the money was received, but rather when it was deposited. Payments would be accumulated and deposited in one lump sum, the several amounts being credited to the accounts of the respective customers as of the date of the deposit. The $500 payment of March 3, 1947 was not entered to defendant's credit until April 7, 1947, the date it was deposited, as shown in the account attached to the amended complaint and in the ledger. She testified, without objection, that the ledger entry represented the $500 shown on the March 3, 1947 receipt. Referring to her ledger, she showed how she had begun to write in the March date, but had crossed it off and entered "Apr. 7," the entry having been made on the date of the deposit.
As for the November 8, 1949 receipt for $300, she explained that this payment was represented by the ledger entry dated November 21, 1946. Miss Cole, she said, had mistakenly written '49 for '46. The handwriting on the receipt was Miss Cole's normal handwriting, but not as of November 8, 1949. The witness testified that Miss Cole had *405 undergone an operation for breast cancer on September 2, 1949, and had been confined to her home for five or six weeks. Thereafter the witness would drive her to the office where she would spend half a day, and then drive her home. During all this time and through November 1949, Miss Cole's arm, hand and fingers were swollen; although she could hold a pen or pencil, she could not write in normal fashion. In fact, she could not drive her own car. Miss Jones stated that the writing on the November 8, 1949 receipt was the way Miss Cole wrote in 1946. None of this testimony was objected to, nor was objection made when the witness was asked whether the November 21, 1946 ledger entry represented the receipt bearing the November 8, 1949 date. (Objection was belatedly entered to a similar question subsequently put; the court permitted it to be answered.)
Defendant concedes that Miss Jones, as decedent's bookkeeper, was familiar with the books of account, but contends that she was allowed to testify as an expert as to the two receipts without first having been properly qualified. The fact is that she did not testify as a handwriting expert but as a lay witness or common observer familiar with Julia Cole's writing. She could testify, as she did, to the fact that the two receipts were in her employer's handwriting, but that the November 8, 1949 receipt was written the way Miss Cole wrote in 1946. Cf. Koccis v. State, 56 N.J.L. 44, 46, 47 (Sup. Ct. 1893); State v. Morris, 98 N.J.L. 621, 624 (Sup. Ct. 1923), affirmed 99 N.J.L. 526 (E. & A. 1924); Gretowski v. Hall Motor Express, 25 N.J. Super. 192, 196 (App. Div. 1953); 7 Wigmore on Evidence (3rd ed. 1940), § 1977 et seq.; 20 Am. Jur., Evidence, §§ 836 and 837, pp. 700, 701. There was, as noted, no objection to this testimony; objection is raised for the first time on this appeal. Here there is no plain error within the intendment of former Rule 1:2-20(c) (now R.R. 1:5-3(c)). State v. Ferrell, 29 N.J. Super. 183 (App. Div. 1954). Thus in the absence of timely and proper objection at the trial to the admissibility of the challenged evidence, which objection must state the grounds *406 therefor, there is no legal error on which to ground an appeal, however the court may otherwise view the competency of the testimony. Rule 3:46 (now R.R. 4:47); Slovak Catholic Sokol v. Foti, 13 N.J. Super. 458, 461 (App. Div. 1951), and cases therein cited. It is not true, as defendant claims, that the witness "lacked all knowledge on the subject in issue," for in the course of her long employment she became very familiar with the character of her employer's handwriting.
The testimony as to the books of account and the manner in which and the time when entries were made therein was, of course, proper in view of the fact that Miss Jones had for years personally kept the books of the business.
Defendant would give the contents of the two receipts in question a binding quality and conclusiveness which would forestall any attempt at explanation by plaintiff. However, it was quite proper to permit plaintiff to explain the difference between the dates of these receipts and those appearing in the ledger in order to show that defendant was not entitled to additional credits. It has uniformly been held that a receipt is only prima facie evidence of payment. A receipt, though evidence against the person who made it and those claiming under him, is not conclusive evidence except as to one who may have been induced by it to alter his position. It may, therefore, be contradicted or explained. Hoffman v. Rauchmiller, 95 N.J. Eq. 500 (Ch. 1923), affirmed 98 N.J. Eq. 692 (E. & A. 1925); Husted v. Sugarman, 106 N.J.L. 365 (E. & A. 1930); Adams v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389 (Sup. Ct. 1938); 9 Wigmore on Evidence (3rd ed. 1940), § 2432, p. 104.
Defendant presently contends, for the first time, that the pleadings preclude plaintiff from introducing any evidence to establish facts inconsistent or contrary to those pleaded. The objection comes too late; not having been raised at the trial, it is not now available. Our present Supreme Court held, in Milstrey v. City of Hackensack, 6 N.J. 400, 404 (1951), that the point of variance between *407 the allegata and probata not having been made at the trial, it could not be raised for the first time on appeal.
Defendant's contention that the verdict was contrary to the weight of the evidence cannot be advanced or entertained. When this appeal was taken Rule 1:2-20(a), as amended (now R.R. 1:5-3(a)) provided that:
"On a review of any cause involving issues of fact determined by the verdict of a jury, the contention that the verdict was contrary to the weight of the evidence shall not be advanced or entertained unless application for new trial on that ground was first made to the trial court in accordance with the rules and denied."
Defendant did not first apply to the trial court for a new trial, on any ground. He cites Hager v. Weber, 7 N.J. 201 (1951), as authority for the right of the Appellate Division to determine whether the verdict is against the weight of the evidence even though there was no motion for a new trial below. That case was decided on May 21, 1951, about three weeks before Rule 1:2-20(a) was amended so as to require that application for a new trial on the ground that the verdict was contrary to the weight of the evidence must first be made to the trial court. While Rule 1:2-20(a) may be relaxed (Rule 1:7-9, now R.R. 1:1-8), defendant at no time sought such relaxation.
We find no ground for disturbing the verdict of the jury. The issues were clearly within its province and there was ample evidence to support its verdict. The judgment will be affirmed.
EWART, J.A.D. (dissenting).
Plaintiff brought this suit in a representative capacity as executor of Julia Cole, deceased. The suit was on a book account for an alleged balance of $496.64. A transcript of the book account is set forth in the Amended Complaint (3a-5a) and extends over the period beginning May 22, 1946 and ending with the last sale and delivery on October 11, 1948 and shows total billings or charges of $6,847.64.
The transcript of the account likewise shows credits given the defendant for 12 payments on account extending *408 from May 15, 1946 to December 1, 1949 in the aggregate sum of $6,351, leaving, according to plaintiff's records, a balance due of $496.64 to recover which this suit was brought.
The Amended Answer and Counterclaim sets up in the third separate defense payment of the account in full and in the counterclaim asserts the account was in fact overpaid and makes counterclaim for the difference.
At the trial there was admitted in evidence two receipts for payments, Exhibits A and D, the receipt marked Exhibit A being dated March 3, 1947 for $500 and signed by the decedent Julia Cole and the receipt marked Exhibit D being dated November 8, 1949 for $300 and signed by the decedent Julia Cole.
Only two witnesses were called at the trial, viz., Marjorie Jones for the plaintiff, who had served as a bookkeeper for the decedent for a period of some years, and the defendant as a witness in his own behalf.
The principal points involved in this appeal have to do with the two receipts mentioned, one for $500 and the other for $300.
It was admitted by plaintiff's witness Marjorie Jones that the two receipts were in the handwriting of the decedent and photostatic copies thereof are included in the Appendix. Neither shows any indication of alteration or change, but both are entirely legible, are written with a firm hand, and are signed by the decedent Julia Cole.
Referring back to the transcript of the account set forth as an amendment to the complaint (3a-5a), the account shows no credit for a $500 payment on March 3, 1947, the date of the receipt marked Exhibit A, nor does it show any credit for the $300 payment on November 8, 1949, the date of the receipt marked Exhibit D.
Defendant testified that both the $300 item and the $500 item, represented by said receipts, were paid in cash (38a).
Respecting first the $500 payment as evidenced by the receipt dated March 3, 1947, the account referred to does show a credit for $500 cash paid on April 7, 1947. Miss *409 Jones, decedent's bookkeeper, testified, in explanation of the discrepancy in dates, that it was her usual practice to enter credits in the books not as of the date the payment was received but as of the date the same were deposited in bank and that the receipt for $500 signed by decedent and dated March 3, 1947 represented the same item shown on her books as $500 cash payment on April 7, 1947.
Respecting the $300 payment evidenced by the receipt dated November 8, 1949, the transcript of the account referred to contains no such credit on the date of the receipt nor at any time near the date of the receipt. In fact, the account sued upon shows as the only credits in the year 1949 a check for $1,000 on January 10, 1949 and another check for $500 on December 21, 1949.
In an attempt to explain the failure of the books to show a credit of $300.00 on or about November 8, 1949 as evidenced by the receipt, Exhibit D, Miss Jones, the bookkeeper, was permitted to point to an item of credit shown by the account reading:

 "Nov. 21, 1946  Check ...................... 300.00"

and, over defendant's objection, was permitted to testify (29a) that in her opinion the receipt bearing the date November 8, 1949, and admittedly in the handwriting and signed by the decedent Julia Cole, should have been dated in 1946 instead of 1949. At first, the court sustained the objection to the question but after argument changed its ruling and permitted the bookkeeper to testify that she was of the opinion that the $300 receipt dated November 8, 1949 represented the same payment as the credit for $300 by check on November 21, 1946. In this controversy respecting the $300 receipt dated November 8, 1949 and the $300 credit on the books under date of November 21, 1946, the record shows the following while plaintiff's witness Marjorie Jones was under direct examination:
"Q. Do you believe that that 1949 should have been 1946?
Mr. Giava: I object to that question.
The Court: I will sustain the objection.
*410 Q. On the basis of your knowledge of the books and the entries in the books do you believe that that was the same entry?
Mr. Giava: I object.
The Court: Objection sustained.
(The question was read by the reporter.)
Mr. Priest: On what she has in the books. She took care of the books and she made the entries.
Mr. Giava: Your Honor, my objection is on the ground that the receipt speaks for itself. The jury will be able to form its own opinion as to when this receipt was given and as to whether it was the handwriting of the lady.
The Court: The jury will have to form its own opinion, but it can be assisted either for or against, one way or the other, by any witness who gets on the stand and wishes to testify. I will permit it.
Mr. Giava: I, of course, am handicapped. Miss Cole isn't here to explain that.
(The question was read by the reporter.)
A. Yes, I do."
In further explanation of the matter, the witness Marjorie Jones testified that her employer Julia Cole had undergone a serious operation on September 2, 1949; that in November 1949 the decedent was not fully recovered although she was driven back and forth from her home to her office by the witness during that period; that her arm and hand were swollen; and that while Julia Cole was able to write in November 1949 she was not able to write in a normal fashion as she could have written in 1946 although, as stated, Miss Jones admitted that undoubtedly the $300.00 receipt in question was in the handwriting of the decedent.
It is not without interest to note, in connection with this controversy over the $300 receipt, that the defendant testified the payment of $300 was made in cash (38a); that the book entry of November 21, 1946 for the credit of $300 shows the payment was by check (5a); and that notwithstanding the book entry was made by Marjorie Jones as bookkeeper for the decedent, she testified on April 15, 1953, more than six years from the date of the book entry, that the entry in the book showing the payment by check was in error and that in fact the payment of the $300 on November 21, 1946 was in cash (31a).
While I deem the explanation regarding the difference in dates respecting the $500 payment, the receipt therefor *411 being dated March 3, 1947 and the entry in the books dated April 7, 1947, as being permissible and constituting a matter to be passed on by the jury, I cannot accord any credence to the testimony that the $300 payment evidenced by the receipt dated November 8, 1949 is represented on the books by the credit of $300 on November 21, 1946, almost three years prior to the date of the receipt. Nor do I think the witness Marjorie Jones should have been allowed to express the opinion that, while the receipt was undoubtedly in the handwriting of the decedent Julia Cole, yet she did not believe Miss Cole could write that well in 1949 and that hence the receipt must have been mistakenly dated in 1949 instead of 1946 and that the $300 payment shown by the receipt in 1949 was the same item credited on the books in November 1946. Miss Jones did not qualify as a handwriting expert, nor do I think the subject was one for expert testimony, and the conclusion she reached is certainly farfetched in view of the circumstances recited above.
Admission of this opinion testimony from Marjorie Jones over objection of the defendant in my opinion constituted error for which I think the judgment for the plaintiff should be reversed and the case sent back for retrial.