30 N.J. Super. 440 (1954)
104 A.2d 860
JOSEPH P. DOLAN, PLAINTIFF,
v.
HELLER BROTHERS COMPANY, A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 29, 1954.
*442 Mr. Martin S. Fox for the plaintiff (Messrs. Jacob and Martin S. Fox, attorneys).
Mr. Everett M. Scherer for the defendant (Messrs. Riker, Emery & Danzig, attorneys).
FREUND, J.S.C.
The sole question to be determined is whether the plaintiff, Joseph P. Dolan, is entitled to certain payments from the defendant, Heller Brothers Company, under a pension plan for employees with 15 years continuous service upon attainment of age 65.
The plaintiff contends that he was employed by the defendant corporation from October 1, 1924 to October 31, 1951, but the defendant, while conceding that the plaintiff was employed by it from March 2, 1942 until October 31, 1951, denies that he was its employee prior to 1942. The defendant argues further that the plaintiff is not entitled to a pension because he was over 65 years of age on the effective date of the pension plan, October 1, 1950.
On October 29, 1951 the plaintiff made application to the defendant for a pension, which was denied by letter dated January 23, 1952, for the reason that the plaintiff had not had 15 years' continuous service with the defendant.
At the trial the evidence was conflicting as to the plaintiff's employment by the defendant, there being testimony that from 1924 to 1942 the plaintiff had been paid by the defendant corporation, which was to some degree controverted by testimony that although he may have been paid by the defendant, his salary was charged to the personal account of Mr. Paul E. Heller, the president of the defendant corporation, under whose direction the plaintiff performed his duties. The plaintiff's employment record was not submitted, although there was testimony that the defendant's records were at best incomplete, because some had been lost in moving its plant from Newark to Ohio. The plaintiff admitted that there were no social security or withholding tax deductions from his salary prior to 1942, nor *443 did he produce his income tax returns. The only documentary evidence as to plaintiff's employment was an insurance benefit card signed by him, dated January 31, 1949, on which the date of his employment was stated as March 2, 1942. True it is that in February 1950 the plaintiff was given a 25-year service pin, but there was testimony that it was awarded in error, the official who made the award not having accurately ascertained from the employment records the employees' years of service. It would, therefore, clearly appear that the plaintiff, upon whom was the burden of proving his years of service with the defendant, failed to do so by a preponderance of credible evidence.
In any event, it cannot be disputed that the plaintiff was well over 65 years of age when the pension plan was adopted, and while the original plan did not specifically exclude employees who had previously attained the age of 65 years, it was on November 15, 1951 amended retroactively to so provide, effective as of October 1, 1950. The pension plan was underwritten by the Prudential Insurance Company of America, and the agreement between the insuror and the defendant implementing the plan provided that the contract could be amended in any respect, retroactively or otherwise.
The plaintiff contends that the distribution by the defendant to its employees, including the plaintiff, of a booklet entitled "Pension Plan of Heller Brothers Company," constituted a binding contract between the employer and its employees. While neither the plaintiff nor the defendant  nor this court itself  has been able to find a case in New Jersey directly in point, it seems well settled in other jurisdictions that a pension plan which is purely voluntary on the part of the employer and to which the employee makes no contribution, is not an enforceable contract, but a mere gratuity, in which the employee has no vested right until he begins to receive benefits thereunder. Menke v. Thompson, 140 F.2d 786 (C.C.A. 8 1944); Hughes v. Encyclopaedia Britannica, 199 F.2d 295, (C.C.A. 7 1952); Bos v. United States Rubber Co., 100 Cal. App.2d 565, 224 P.2d 386 *444 (Cal. Dist. Ct. App. 1950); McNevin v. Solvay Process Co., 32 App. Div. 610, 53 N.Y.S. 98 (App. Div. 1898), affirmed 167 N.Y. 530, 60 N.E. 1115 (Ct. App. 1900); MacCabe v. Consolidated Edison Co. of New York, Inc., 30 N.Y.S.2d 445 (City Ct. 1941); Wallace v. Northern Ohio Traction & Light Co., 57 Ohio App. 203, 13 N.E.2d 139 (Ohio Ct. App. 1937); Magnolia Petroleum Co. v. Butler, 86 S.W.2d 258 (Tex. Ct. Civ. App. 1935).
Indeed, even in a pension fund where contributions were made by the employee, his rights are not vested so as to become contract rights until he actually receives the pension, and even then they are governed by the statute creating the fund. Walter v. Police and Fire, &c., Trenton, 120 N.J.L. 39 (Sup. Ct. 1938). Plunkett v. Pension Com'rs. of Hoboken, 113 N.J.L. 230 (Sup. Ct. 1934), affirmed 114 N.J.L. 273 (E. & A. 1934). However, those two New Jersey cases dealt with municipal pension funds which are governed by statute and it is not to be assumed that the same rule would apply to private pension funds.
It has been held that where an employee has given years of faithful service in reliance upon a pension plan, that service constitutes a valid consideration for the voluntary pension plan of the employer and establishes a contract. Psutka v. Michigan Alkali Co., 274 Mich. 318, 264 N.W. 385 (Sup. Ct. 1936). Sigman v. Rudolph Wurlitzer Co., 57 Ohio App. 4, 11 N.E.2d 878 (Ct. App. 1937). In Plowman v. Indian Refining Co., 20 F. Supp. 1, 4 (D.C. Ill. 1937), it was held that
"The long and faithful services of the employees are relied upon as consideration; but past or executed consideration is a self-contradictory term. Consideration is something given in exchange for a promise or in a reliance upon the promise. Something which has been delivered before the promise is executed, and, therefor, made without reference to it, cannot properly be legal consideration."
Here, the plaintiff's services were not rendered in any reliance upon a pension plan, for it was not in effect until approximately one year before his application for a *445 pension. He was well over the retirement age when the plan was adopted and his services could not have constituted a valid consideration for a pension. The fact that the plan as originally adopted did not contain the provision excluding from participation employees who had previously attained the age of 65 years does not avail the plaintiff, for the plan being a voluntary one to which the employer alone contributed and there being an express provision in the contract with the insuror for retroactive amendment, the defendant was well within its rights in amending the plan retroactively. The result is unfortunate and to be deplored, but courts of original jurisdiction are necessarily constrained to follow the generally established rules of law.
The complaint will be dismissed.