71 N.J. Super. 240 (1961)
176 A.2d 797
MARY D. JOHNSON, PLAINTIFF-APPELLANT,
v.
JOSEPH SOUZA, SR., AND ROSE SOUZA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1961.
Decided December 20, 1961.
*241 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Russell H. Hulsizer argued the cause for plaintiff-appellant (Mr. Sollie Wolfman, attorney).
Mr. Sidney Dincin argued the cause for defendants-respondents (Messrs. Breslin & Breslin, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiff, a social visitor of defendants, was injured when she fell down the icy front steps of their home upon leaving. The trial judge dismissed the resulting action for personal injuries at the end of the plaintiff's case. Plaintiff appeals.
Plaintiff's testimony was to the following effect: She left Newark by car at 9 P.M. on February 3, 1959 for defendants' home in Lyndhurst. At Newark the ground had been "splotched with ice" and "slightly slippery." When she reached her destination 20 minutes later she found the front steps of defendants' home in the "same condition as it had been in Newark * * * splotchy, * * * not a sheet of ice." The sidewalk in front of the steps was "splotchy * * * with ice." It was "splotchy slippery." When she entered the house she told defendant Mrs. Souza "that their steps were starting to ice up." Thereupon the *242 latter, in plaintiff's presence, told her daughter "Cele" to "go down the cellar and get the rock salt and put it on the steps." Cele said she would do so, and left the room a "few times" during the approximate hour or so that plaintiff was there. In going from the premises, plaintiff "took one step," slid, and injured herself. At the time, the steps were "a sheet of ice."
In the pretrial order, plaintiff claimed: "defts. had knowledge of the treacherous condition of the front steps of the home and voiced their intention to perform certain acts to safeguard plaintiff, when she left the premises, but they negligently failed to do so effectively or at all." The trial court in dismissing the action stated that the defendant Mrs. Souza could not be charged with negligence in relation to telling her daughter to put rock salt on the steps. "She did nothing * * * so she did no negligent act." The court was not impressed with the argument submitted on behalf of plaintiff to the effect that: "It seems to me that this telling her daughter to do this in the presence of the plaintiff is every indication that it would be done. * * * It tended to build up a sense of false security in the mind of the plaintiff."
It is our conclusion that a jury question was presented insofar as the liability of the female defendant was concerned on the theory of inferable reliance by plaintiff on the gratuitous undertaking by defendant to assure plaintiff's safety in traversing the slippery steps. Although plaintiff's brief does not make this point, assertedly through inadvertence, defendants' counsel commendably stated his willingness to face the issue as presented on oral argument, and since the question was projected both in the pretrial order and at the trial, we are considering it in the interests of substantial justice.
Where the defendant has gratuitously undertaken to do an act or perform a service recognizably necessary to another's bodily safety and there is reasonable reliance thereon, the defendant will be liable for harm sustained by *243 the other resulting from his failure to exercise reasonable care to carry out the undertaking. Restatement, Torts, § 325, p. 881 (1934), cited with approval in Bauer v. 141-149 Cedar Lane Holding Co., 24 N.J. 139, 147 (1957); and see Gudnestad v. Seaboard Coal Dock Co., 27 N.J. Super. 227, 233 (App. Div. 1953), affirmed 15 N.J. 210 (1954); Miller v. Muscarelle, 67 N.J. Super. 305, 327, 330, 331 (App. Div. 1961), certif. denied 36 N.J. 140 (1961). Accord: 2 Harper and James, Laws of Torts (1956) § 18.6, pp. 1044, 1045.
In the present case a jury might not unreasonably infer reliance by plaintiff upon the undertaking of Mrs. Souza to eliminate or reduce the hazard of slipperiness on the front steps before she left the house. Cf. Mistretta v. Alessi, 45 N.J. Super. 176, 181 (App. Div. 1957). On that hypothesis, Mrs. Souza would be liable for the consequences of the default of her daughter, whom she made her agent for the purpose, on the principle of respondeat superior. However, the defendant Joseph Souza, Sr. did not participate in the transaction. The question as to whether liability can nevertheless be laid to him on the basis discussed in conjunction with the theory of presumptive agency of a wife for her husband, has not been argued by the parties. This subject should be explored on the remand.
Apart from the foregoing analysis, defendants would not be liable to plaintiff by mere reason of the dangerous condition of the steps since no duty as landowners flowed from them to the plaintiff, a licensee, she being as fully aware of the condition. Pearlstein v. Leeds, 52 N.J. Super. 450 (App. Div. 1958), certif. denied 29 N.J. 354 (1959).
Reversed and remanded for a new trial.