92 N.J. Super. 75 (1966)
223 A.2d 193
ALBERT E. HINDLE, JR., PLAINTIFF-RESPONDENT CROSS-APPELLANT,
v.
MORRISON STEEL CO., A BODY CORPORATE OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT CROSS-RESPONDENT, AND SAMUEL HAMELSKY, MAX KRAFCHIK AND JOHN D. WAIT, DEFENDANTS CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1965.
Decided July 25, 1966.
*78 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Thomas James Tumulty argued the cause for defendant-appellant-cross-respondent (Messrs. Spritzer & Spritzer, attorneys).
*79 Mr. Robert V. Carton argued the cause for plaintiff-respondent-cross-appellant (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
Plaintiff Albert Hindle, Jr. brought an action in the Superior Court, Law Division, against defendant Morrison Steel Co. (Morrison) to recover damages resulting from a breach of his employment contract and his contractual rights under the company's retirement fund agreement. Plaintiff also sued to recover punitive and compensatory damages in a tort action based on an alleged conspiracy by Samuel Hamelsky, Max Krafchik and John Wait, officials of the company, to deprive him of money standing to his credit in the retirement fund. The jury returned a verdict in favor of plaintiff against the company for compensatory damages of $16,927.23, comprised of $6,300 for breach of the employment contract and $10,627.23 for the value of his interest in the retirement fund. A verdict of no cause for action was returned in the tort action. Morrison Steel Co. appealed and plaintiff cross-appealed from the adverse judgments.
This appeal raises two principal issues: (1) plaintiff's rights under his contract of employment, and (2) plaintiff's rights under the retirement fund agreement.
Hindle was employed by the company on November 17, 1952 as service manager at an annual salary of $5,200. No definite, fixed period of employment was expressly agreed upon at the time of the hiring. During the period of his employment plaintiff's job responsibilities varied. From May 1959, until his services were terminated, he served as plant superintendent at a salary of $9,000 a year. On February 26, 1960, he was discharged by Wait, the plant manager, who stated that he was dissatisfied with plaintiff's performance in the job.
On March 31, 1952 (prior to plaintiff's employment) the company created a retirement fund for the benefit of its employees. *80 Under its terms the company contributes to a trust fund an amount equivalent to 15% of the compensation paid annually to its employees. Employees do not contribute. The Irving Trust Company of New York is the trustee. The individual account of each employee is credited annually by the trustee with his share of the company's contribution.
The retirement fund agreement provides for the payment of pension benefits to an employee on retirement at age 65 or for disability, for certain payments on his credit balance if the employee quits of his own volition, and for payments if he is dismissed from service of the company through no fault of his own. The agreement also provides that if an employee is discharged for cause he shall forfeit all his rights in the fund and that money then standing to his credit shall be added proportionately to the credit balance of remaining employees.
Seven specific reasons are listed under section 19(a) of the agreement as constituting "discharge for cause." The only one pertinent to the instant case is as follows:
"(5) Failure to perform the work or services properly and reasonably assigned."
Defendant Morrison predicates its first claim of error on the denial of its motions for judgment of involuntary dismissal made at the close of plaintiff's case, (R.R. 4:42-2(b)), and at the conclusion of the trial (R.R. 4:51).
Defendant argues that plaintiff's employment was at will and subject to termination with or without cause; that since plaintiff had been discharged he had no legal claim for damages for an alleged salary loss. It contends plaintiff failed to prove that his discharge was not for just cause, and consequently he had no actionable claim for breach of contract rights under the retirement fund agreement.
Plaintiff alleges that the evidence presented jury questions as to whether his employment was on a yearly basis; that even though the original hiring was for an indefinite *81 period, a relationship developed which precluded defendant from discharging him without cause; that there was adequate evidence to show that plaintiff had been discharged without just cause which affected his rights in the retirement fund.
The court's function in ruling on such motions has been clearly defined. It must look at the evidence and the inferences which may reasonably be deduced therefrom in a light most favorable to the plaintiff, and if reasonable minds could differ the motion should be denied. Bell v. Eastern Beef Co., 42 N.J. 126, 129 (1964). Only if fair-minded men cannot honestly differ may the motions be granted. Kopec v. Kakowski, 34 N.J. 243, 244 (1961).
It is clearly evident that plaintiff's claim for loss of salary (which accounted for $6,300 of the resulting judgment) is not related to his claim for money credited to his name in the retirement fund. Article 8, paragraph 33, of the retirement fund agreement specifically provides that "nothing in this agreement shall be construed to constitute a contract of employment for any eligible employee or participant hereunder." Accordingly, we shall consider each claim of loss separately.
Our courts have held that in the absence of a contract, an employment, unless otherwise specified, is generally at will and subject to termination with or without cause. Jorgensen v. Pennsylvania R.R. Co., 25 N.J. 541, 554 (1948); Savarese v. Pyrene Manufacturing Co., 9 N.J. 595, 600 (1952); Piechowski v. Matarese, 54 N.J. Super. 333, 334 (App. Div. 1959). Plaintiff concedes that at the time he was employed there was no definite, fixed period of employment expressly set forth. Accordingly, he had the burden of proving his employment was changed from one at will to a contract for a fixed term.
Plaintiff argues that there are factors indicating his employment was not one at will but for a permanent period of at least one year  that he had been hired at an annual salary, and had been given yearly increases and bonuses. He relies heavily on words of encouragement voiced by the company *82 president and vice-president when the steel strike was imminent in 1959.
It is undisputed that there was no express manifestation by the company changing plaintiff's employment to one for a fixed period. Where there is no fixed term consideration must be given to the surrounding circumstances to determine whether the parties intended that the employment be for a definite term. Dennis v. Thermoid Co., 128 N.J.L. 303 (E. & A. 1942). We are not impressed by plaintiff's testimony that he was hired at an annual salary. A hiring at a certain sum a year, no time being specified, unaccompanied by facts or circumstances from which a different intention may be inferred, is an employment for an indefinite time and not for a year. Nor do the pay increases and bonuses given to plaintiff indicate employment was for a fixed period. The increases were for varying amounts and given without regard to the beginning of a specific contract period. (In fact, no increase was given in 1958, and no bonuses in 1953 and 1956.) The increases can be construed only as increases in the rate of pay for a continuing noncyclical job. Bonuses were given around Christmas time, a practice widely followed in industry, and to numerous employees without regard to terms of employment. The words of encouragement given to plaintiff by company officials to "keep up the good work  there are better things coming" cannot be construed to indicate a change in status of plaintiff's employment. Furthermore, there was no evidence indicating that plaintiff could be held for breach of an employment contract if he decided to quit his job.
In short, we find no evidence to show that plaintiff was hired by the year or for any definite period of time. It must be concluded on the undisputed facts that the hiring was one at will and that plaintiff could be discharged without cause. The trial court erred by submitting to the jury the question of plaintiff's employment status and his claim for loss of salary as an element of compensatory damages. These *83 issues shown have been removed from the case on defendant's motion for judgment at the close of the testimony.
We consider next defendant's contention that the court erred in denying its motions to dismiss plaintiff's claim of damages for breach of his contractual rights under the retirement fund agreement.
We are satisfied plaintiff possessed enforceable rights under the agreement. It is undisputed that the pension plan was an inducement for his employment and that he had given seven years of service in reliance thereon. This constituted a valid consideration for the voluntary pension plan of the employer and established a contract. See Dolan v. Heller Brothers Co., 30 N.J. Super. 440 (Ch. Div. 1954), and cases cited therein at p. 444; Wilson v. Rudolph Wurlitzer Co., 48 Ohio App. 450, 194 N.E. 441 (Ct. App. 1934), and see Annotation, "Pension Plan-Rights of Employee," 42 A.L.R.2d 461, 467 (1955).
Hindle's rights under the retirement fund must necessarily turn on its provisions. If he was discharged for cause, as defined under section 19(a), he forfeited all rights to money credited to his account in the fund.
Defendant claims plaintiff was required to submit the issue of his discharge to arbitration and that he had no right to bring his suit. We disagree. It is undisputed that Wait, the plant manager, discharged Hindle for cause under section 19(a)(5) of the agreement, and that his action was conclusive and binding both on the trustee and the administrative committee of the fund. The arbitration provisions set forth in section 19(a)(6) refer to "any other cause deemed sufficient for discharge" and not to 19(a)(5) under which Hindle was discharged.
Defendant alleges that it did not technically forfeit the money in Hindle's account, but is holding it in statu quo pending arbitration. This does not bar Hindle's suit. As stated above, the arbitration provisions of the agreement are not applicable. Defendant cannot breach the terms of the *84 agreement (which calls for a forfeiture) and compel plaintiff to submit the cause of his discharge to arbitration.
Defendant also argues that if plaintiff was wrongfully discharged he cannot collect the money in his account until he attains the age of 65. This argument clearly is without merit. Section 21 of the agreement, which contains such a provision, applies only when the employee is "dismissed from the service of the Company through no fault of his own, or in any case in which his employment ceases for a reason other than provided for in 19(a) or (b)." Here plaintiff allegedly was discharged for cause under 19(a)(5).
Plaintiff claimed he was wrongfully discharged by the Company. If this be so (and the jury ultimately decided such was the case) defendant breached the provisions of its retirement fund agreement by causing his accumulated pension credits to be forfeited, and plaintiff is entitled to recover the present value of his interest in the fund. The trial judge so charged, and the parties do not raise the issue of this being the appropriate remedy. In similar cases courts have applied the rule of anticipatory breach and allowed recovery for the value of an employee's lost pension rights. See Freund v. Laenderbank Wien Aktiengesellschaft, 111 N.Y.S.2d 178 (Sup. Ct. 1949), affirmed 277 App. Div. 770, 97 N.Y.S.2d 549 (App. Div. 1950); Gitelson v. Du Pont, 42 Misc.2d 575, 248 N.Y.S.2d 604 (Sup. Ct. 1964), affirmed 23 A.D.2d 724, 257 N.Y.S.2d 346 (App. Div. 1965).
There is a sharp dispute in the testimony as to whether plaintiff was discharged for cause. This was a factual issue, and the court properly denied defendant's motions and submitted the matter to the jury.
Defendant also argues that the verdict of the jury was contrary to the weight of the evidence. Defendant did not make a motion for a new trial on this ground. R.R. 1:5-3(a) expressly precludes defendant from raising the issue on this appeal. Priest v. Poleschuck, 29 N.J. Super. 401, 406 (App. Div. 1954), affirmed 15 N.J. 557, 565 *85 (1954), Moich v. Passaic Terminal & Transportation Co., Inc., 82 N.J. Super. 353, 363 (App. Div. 1964).
Defendant argues it was denied a fair trial because of the trial court's rulings on admissibility of evidence. More specifically, defendant alleges the court employed a double standard by admitting evidence offered by plaintiff of statements made by one alleged conspirator as binding on all conspirators, and barring as hearsay, statements made by one conspirator to another not in the presence of plaintiff. We find no merit to this argument. Statements of a conspirator made in furtherance of the conspiracy are in the nature of admissions and are admissible against all conspirators. State v. Carbone, 10 N.J. 329, 339 (1952); State v. Rios, 17 N.J. 572, 596 (1955). However, a self-serving declaration not made in the presence of plaintiff is properly excludible as hearsay. Moreover, defendant fails to show how it was prejudiced by the court rulings since the conspiracy charge was dismissed by the jury.
Defendant also contends the trial court erred in its instructions to the jury. Since no objection was made at the trial to the alleged errors in the charge as required by R.R. 4:52-1, we may consider the same only under the plain error rule (R.R. 1:5-3(c)), which is to be sparingly employed. Valls v. Paramus Bathing Beach, Inc., 46 N.J. Super. 353, 358 (App. Div. 1957).
Plain error is some legal impropriety affecting the substantial rights of a party and sufficiently grievous to justify notice by the reviewing court and to convince the court that of itself the error possessed a clear capacity to bring about an unjust result. Gluckauf v. Pine Lake Beach Club, Inc., 78 N.J. Super. 8, 26 (App. Div. 1963). A charge must be considered as a whole, and if the law is stated in such manner that jurors would not fail to understand the instructions or be confused, the charge is not erroneous. Stackenwalt v. Washburn, 42 N.J. 15, 26 (1964). We have reviewed the charge in the instant case and find no plain error therein warranting a reversal.
*86 We find no merit in plaintiff's cross-appeal against the several individual defendants. The jury found there was no civil conspiracy on the part of these defendants, and no grounds are presented on the cross-appeal to reverse the jury's determination.
The judgment below will be affirmed, as modified, by entry of a judgment in favor of plaintiff in the amount of $10,627.23  the value of plaintiff's interest in the retirement fund as determined by the jury.
Judgment accordingly.