110 N.J. Super. 541 (1970)
266 A.2d 304
ROSALIE O'NEILL AND THOMAS O'NEILL, PLAINTIFFS-APPELLANTS,
v.
SUBURBAN TERRACE APARTMENTS, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 25, 1970.
Decided June 18, 1970.
*542 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Bernard Chazen argued the cause for appellants (Mr. Malcolm C. Mercer, attorney; Messrs. Baker, Garber, Chazen & Duffy, of counsel).
Mr. Stanley M. Teich argued the cause for respondent (Messrs. Lieb, Teich & Berlin, attorneys).
The opinion of the court was delivered by KILKENNY, P.J.A.D.
This personal injury, fall-down on an icy and snow-covered public sidewalk, negligence case *543 resulted in a verdict in favor of the injured plaintiff wife in the sum of $8000 and in favor of plaintiff husband in the sum of $2000 for his damages per quod.
After return of the verdict the trial judge dismissed the action on defendant's motion to dismiss made before submission of the case to the jury, the ruling on the motion having been reserved pursuant to R. 4:40-2. Plaintiffs appeal from the judgment of dismissal.
We note preliminarily that the standard for determining a motion for an involuntary dismissal under R. 4:40-1 is that the court must accept as true all the evidence which supports the position of the party defending against the motion and must accord him the benefit of all legitimate inferences which can be deduced therefrom, and if reasonable minds could honestly differ, the motion must be denied. Bell v. Eastern Beef Co., 42 N.J. 126, 129 (1964); Hindle v. Morrison Steel Co., 92 N.J. Super. 75, 81 (App. Div. 1966).
The facts herein are simple and clear. On January 9, 1968 plaintiffs were tenants of an apartment in a large garden-type apartment house complex, consisting of over 200 units and covering approximately five city blocks. Defendant was the owner and landlord. On that day plaintiff wife left for work early in the morning. It had snowed some days prior and several inches of snow remained on the ground. With the help of a neighbor, plaintiff wife shovelled the walk in front of her apartment, inside the apartment complex. She walked through the complex to the sidewalk used by the general public as an easement outside the apartment house complex and adjacent to the public street, called Esplanade. There are private homes on the other side of this public street. After she had walked several feet along this public sidewalk, she fell and was injured. An eyewitness testified that the sidewalk was snow-covered and had not been shovelled since the snow had fallen.
It was admitted in answers to interrogatories that defendant's employees had been instructed to keep all sidewalks clean. There were sidewalks inside the complex. Plaintiff *544 wife testified that at times this particular public sidewalk had been cleaned; at other times it had not. It is evident that no snow removal had been undertaken as to this sidewalk after the snowfall preceding plaintiff's injury.
The suit was based upon a claim of negligence. There was no proof of any contractual obligation on defendant's part to remove the snow from this public sidewalk.
In deciding the motion for dismissal in favor of defendant, the trial court observed that defendant had done nothing to remove the snow and ice from the sidewalk where plaintiff fell. It correctly noted that the owner of property is under no duty to maintain public sidewalks abutting his land free from the natural accumulation of snow and ice. So, too, in clearing the snow and ice, there would be no liability unless in doing so there is added a new element of danger or hazard other than the natural forces. This latter factor is not present here in view of the uncontradicted testimony that no snow or ice removal had been undertaken on this occasion.
For cases setting forth the lack of duty on the part of a landowner to maintain public sidewalks abutting his land free from the natural accumulation of snow and ice, see Sewall v. Fox, 98 N.J.L. 819, 821 (E. & A. 1923); Saco v. Hall, 1 N.J. 377, 381 (1949); Foley v. Ulrich, 94 N.J. Super. 410 (App. Div. 1967), reversed on dissenting opinion 50 N.J. 426 (1967). This same rule applies in the case of snow removal from the public sidewalk abutting an apartment building. See MacGregor v. Tinker Realty Co., 37 N.J. Super. 112 (App. Div. 1955), in which case it was also held that a landlord in the removal of snow from an adjacent public sidewalk does not owe a greater or different duty of care to his tenants than that owing to a member of the public.
Plaintiffs argue that defendant is liable for a failure to exercise due care to carry out duties it had assumed for the benefit of plaintiff.
If plaintiffs mean that a volunteer is liable for his absolute nonfeasance, the law is generally to the contrary. *545 Volunteers, persons under no duty to act, have been held liable for misfeasance or malfeasance, for their negligence in performance; but they are ordinarily not liable for a mere failure to perform the promised act. "It is elementary that a volunteer must act with due care." Freddi-Gail, Inc. v. Royal Holding Corp., 45 N.J. Super. 471, 474 (App. Div. 1957). See also, Wolcott v. N.Y. & L.B.R.R. Co., 68 N.J.L. 421 (Sup. Ct. 1902). But if the volunteer does not act at all, as here, he is generally not liable for his complete failure to act. As stated by Chancellor Kent in Thorne v. Deas, 4 Johns 84 (N.Y. 1809):
* * * one who undertakes to do an act for another without reward, is not answerable for omitting to do the act, and is only responsible when he attempts to do it, and does it amiss. In other words, he is responsible for a misfeasance but not a nonfeasance.
This rule is cited with approval by our courts. See also, La Brasca v. Hinchman, 81 N.J.L. 367, 369 (Sup. Ct. 1911); Bauer v. 141-149 Cedar Lane Holding Co., 24 N.J. 139, 146 (1957).
Plaintiffs suggest that landlords of garden-type apartment houses should be treated differently from other landlords with respect to cases involving persons slipping and falling on ice or snow on an abutting public sidewalk. In MacGregor v. Tinker Realty Co., supra, 37 N.J. Super. 112, the premises were an apartment house. Plaintiff tenant fell on the icy public sidewalk abutting defendant landlord's property. A motion by defendant for an involuntary dismissal was granted and affirmed on appeal. We find no valid distinction between a fall on a public sidewalk outside and abutting a multiple, high-rise apartment dwelling and a fall on a public sidewalk outside and abutting a garden-type apartment house complex.
Plaintiffs rely upon Schedler v. Wagner, 37 Wash.2d 612, 225 P.2d 213, 230 P.2d 600 (Sup. Ct. 1950), in which a tenant slipped on ice on a walkway within the apartment house area. There an award in favor of plaintiff was upheld. But in that case, the sidewalk in question was within the *546 complex and used exclusively in common by all tenants. Thus, the case is readily distinguishable on its facts from the instant situation.
Plaintiffs also rely upon Langley Park Apts. v. Lund, 234 Md. 402, 199 A.2d 620 (Ct. App. 1964). In that case, the question was: "Does a landlord have a duty to remove, or render safe, natural accumulation of ice or snow on walkways under his control provided he knew, or should have known of the existence of a dangerous condition resulting from the ice or snow?" (Emphasis added). There, a tenant slipped and fell on a snow-covered "walkway in front of her apartment building" in this large scale multiple housing development. In that case, the landlord claimed that it had actually removed the snow that had fallen. Here, the landlord did nothing. Outside walkways and stairways used in common by the tenants, like the common steps, hallways and stairways inside multiple dwellings, are obviously under the landlord's control and entail a responsibility on his part to maintain them in a safe condition. Our courts have never extended that responsibility to public sidewalks, abutting and outside the premises, enjoyed as a public easement. We are not concerned herein with walkways within the apartment complex.
The trial court in the instant case gave the case to the jury upon the theory of the landlord's possible voluntary undertaking to clear the sidewalk abutting the garden-type apartment complex of ice and snow, and whether there was reliance by the injured plaintiff upon such an undertaking. The doctrine of "reliance" was spelled out in Bauer v. 141-149 Cedar Lane Holding Co., supra, which held that, even assuming attempts by a landlord to correct a condition or remedy a defect, there must be reliance upon such action. So, too, in Johnson v. Souza, 71 N.J. Super. 240 (App. Div. 1961), where an injured plaintiff fell on the icy steps of defendant's home, there was reliance by plaintiff on instructions given by defendant to her daughter, in plaintiff's presence, to put some rock salt on the steps.
*547 These cases are not comparable to the instant situation. The trial court, in granting the motion to dismiss, properly observed an absence of proof "that the plaintiff did in fact rely upon any instruction or any promise or any undertaking in this matter." She herself, with the aid of a neighbor, had on that very morning shovelled the snow from the walkway in front of her own apartment. She had walked upon other walkways in the complex and had undoubtedly observed their condition before coming to the public sidewalk. She had traversed this public sidewalk several feet before she fell. She knew that sometimes the employees did shovel the walks, but it was not a customary pattern of behavior, because sometimes they did not do so. The snow had been on this sidewalk for some days before she fell and nothing had been done to remove it. The proofs did not create an issue of fact as to reliance.
The judgment of dismissal is affirmed.