**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5719-17T1

DANIEL CONCEICAO and
SONIA CONCEICAO,

     Plaintiffs-Appellants,

v.

GRUBB AND ELLIS, NEWMARK
GRUBB KNIGHT FRANCK,
MICHAEL HOROHOE, MITSUI
SUMITOMO INSURANCE
GROUP HOLDINGS (USA), and
GRUBB AND ELLIS MANAGEMENT
SERVICES, INC.,

     Defendants-Respondents.

_____

GRUBB AND ELLIS, GRUBB AND
ELLIS REAL ESTATE MANAGEMENT,
 INC., and MICHAEL HOROHOE,

     Third-Party Plaintiffs-
     Respondents,

v.

ZURICH AMERICAN INSURANCE
COMPANY, and LEXINGTON

INSURANCE COMPANY,

      Third-Party Defendants-
      Respondents.

_____

MITSUI SUMITOMO INSURANCE
COMPANY OF AMERICA, MITSUI
SUMITOMO MARINE MANAGEMENT
COMPANY (U.S.A.), INC., and MITSUI
SUMITOMO INSURANCE GROUP
HOLDINGS (U.S.A.), INC.,

      Third-Party Plaintiffs-
      Respondents,

v.

NATIONAL WATER MAIN
CLEANING COMPANY, ZURICH
AMERICAN INSURANCE COMPANY,
and LEXINGTON INSURANCE
COMPANY,

      Third-Party Defendants-
      Respondents.

_____

Argued June 4, 2019 - Decided June 25, 2019

Before Judges Messano, Fasciale and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0661-13.

Michael J. Confusione argued the cause for appellants (Hegge & Confusione, LLC, attorneys; Michael J. Confusione, on the brief).

2

Mark R. Vespole argued the cause for respondents Grubb and Ellis, Newmark Grubb Knight Franck, Grubb and Ellis Management Services, Inc. and Michael Horohoe (Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys; Mark R. Vespole, of counsel and on the brief; Kira German, on the brief).

Gerard H. Hanson argued the cause for respondents Mitsui Sumitomo Insurance Company of America, Mitsui Sumitomo Marine Management Company (U.S.A.), Inc., and Mitsui Sumitomo Insurance Group Holdings (U.S.A.), Inc. (Hill Wallack, LLP, attorneys; Gerard H. Hanson and Victoria J. Airgood, on the brief).

PER CURIAM

Daniel and Sonia Conceicao (collectively plaintiffs) appeal from two February 2, 2018 orders granting summary judgment to Mitsui Sumitomo Insurance Company of America, Mitsui Sumitomo Marine Management Company (U.S.A.) Inc., improperly pled as Mitsui Sumitomo Insurance Group Holdings (U.S.A.) Inc. (the Mitsui parties) and to Grubb & Ellis (Grubb), Grubb & Ellis Management Services, Inc., and Michael Horohoe (the Grubb & Ellis parties).[1] We affirm.

In this negligence action, plaintiff sustained injuries when a sewer grate cover fell on his right foot during a sewer pipe inspection. Mitsui owned the

---

[1] Plaintiffs also list in their amended notice of appeal a July 16, 2018 order of disposition, which marks the case "settled."

property where the accident occurred, and contracted with Grubb to manage the property. Grubb employed Horohoe. Grubb contracted the pipe inspection work to National Water Main Cleaning Company (National Water), which employed plaintiff. Plaintiff was doing the job he was hired to do, of which he had substantial experience, when the accident occurred.

We consider the facts in a light most favorable to the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." R. 4:46-2(c). If there is no genuine issue of material fact, the question is then "whether the trial [judge] correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013). We owe no special deference to the motion judge's conclusions on issues of law. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Richard Karwowski, plaintiff's supervisor told him that Horohoe would assist plaintiff at the site. At the site, plaintiff spoke to Horohoe and asked him where he could find the "out fall" – or the point that would enable plaintiff to

access the sewer pipes without having to go through a sewer cover. Horohoe told plaintiff that he did not know anything about an "out fall," but that the access points were "through the storm drain covers." Plaintiff told Horohoe that he needed a pitch point bar to open the storm grate covers, but that he did not have one in his truck. Horohoe returned with a "blue pipe bending bar" and the two tried to lift the grate, but the cover "wouldn't budge."

Horohoe told plaintiff to go to a local hardware store to purchase a pitch point bar, and when he returned, the two tried to open the cover on one of the catch basins, but it would not open. They tried another basin, which plaintiff opened, pulling the sewer grate back, and resting it on the pitch point bar. Horohoe held the storm drain cover while plaintiff went down into the basin. Plaintiff had to remove a rock from the pipe, which required him to open another catch basin. Horohoe was not with plaintiff when he opened the second grate cover, but plaintiff called Horohoe over so that Horohoe could hold the grate open while plaintiff went into the basin. While plaintiff was in the basin, he saw two flashes and noticed that Horohoe was taking pictures of him. He began climbing out of the basin when he heard Horohoe say, "[w]atch out," before the storm drain cover fell on plaintiff's right foot, trapping it inside the basin.

A-5719-17T1

Horohoe used the pitch point bar to open the cover enough for plaintiff to remove his foot.

"[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013). Whether a duty is owed is a question of law to be decided by the trial judge. Carvalho v. Toll Bros. & Developers, 143 N.J. 565, 572 (1996). "[N]o bright line rule . . . determines when one owes a legal duty to prevent a risk of harm to another." Wlasiuk v. McElwee, 334 N.J. Super. 661, 666 (App. Div. 2000). The imposition of a duty depends on several factors, including: (1) "the relationship of the parties"; (2) "the nature of the attendant risk"; (3) "the opportunity and ability to exercise care"; and (4) "the public interest in the proposed solution." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993). "Ultimately, . . . the question of whether a duty exists is one of 'fairness' and 'public policy.'" Wlasiuk, 334 N.J. Super. at 666-67 (quoting Hopkins, 132 N.J. at 439).

As to the Mitsui parties, plaintiffs essentially conceded at oral argument before us that the owner of the property had no duty. At best, plaintiffs' counsel argued that perhaps they would be vicariously liable if Grubb became

6

vicariously liable for the acts of Horohoe. We reject such a contention and conclude the judge properly granted summary judgment to the Mitsui parties as a matter of law.

A property owner does not have a duty to protect an employee of an independent contractor from the very hazard created by doing the contract work. See Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super. 309, 318 (App. Div. 1996). Liability does not attach unless (1) the owner retains control of the manner and means of plaintiff's performance of the contracted work; (2) the owner retains an "incompetent contractor"; and (3) the activity performed "constitutes a nuisance per se." Majestic Realty Assocs., Inc. v. Toti Contracting Co., 30 N.J. 425, 431 (1959). Here, the Mitsui parties did not retain control of the work and did not retain National Water.

Furthermore, "a landowner has a non-delegable duty to use reasonable care to protect invitees against known or reasonably discoverable dangers." Dawson, 289 N.J. Super. at 317 (quoting Kane v. Hartz Mountain Indus., Inc., 278 N.J. Super. 129, 140 (App. Div. 1994)). But a "landowner is under no duty to protect an employee of an independent contractor from the very hazard created by doing the contract work." Id. at 318.

> Under this well recognized exception to the general rule, "[t]he duty to provide a reasonably safe place to

7

work is relative to the nature of the invited endeavor and does not entail the elimination of operational hazards which are obvious and visible to the invitee upon ordinary observation and which are part of or incidental to the very work the contractor was hired to perform."

[Ibid. (alteration in original) (quoting Sanna v. Nat'l Sponge Co., 209 N.J. Super. 60, 67 (App. Div. 1986)).]

Even a landowner's general supervisory control of the results of the independent contractor's work – which did not happen here – does not equate to control of the manner and means for performing the work. Marion v. Pub. Serv. Elec. & Gas Co., 72 N.J. Super. 146, 152 (App. Div. 1962). Thus, there is no liability for the Mitsui parties.

As to the Grubb & Ellis parties, defendants acknowledge that Horohoe could have assumed a duty to plaintiff if Horohoe would have volunteered to hold the sewer grate or dropped it causing plaintiff's injury. But defendants contend that plaintiff was injured while climbing out of the grate and was aware that Horohoe was not holding the grate at that time. The judge said that plaintiff "knew that Horohoe was not holding the sewer g[r]ate. He could have asked Horohoe [to hold the grate] at that time, but consciously chose not to do so." The judge found that plaintiff asked Horohoe "to do some things when he went down the hole," but "didn't ask" Horohoe to assist him on the way back up.

A-5719-17T1

Thus, he found that plaintiff created the problem, not Horohoe. The judge continued:

> Clearly, at the point that [plaintiff] made the decision that he was going to now leave the sewer, he made all of the proper observations. He knew where the g[r]ate . . . was. He knew where Mr. Horohoe was because he saw him. And he said his hands were in his pocket. . . . [H]e knew that prior to all this happening, Mr. Horohoe had even taken a picture. So he knew at that point certainly he wasn't holding the grate. So Mr. Horohoe had no way of knowing whether . . . he should be holding the g[r]ate . . . or not. As opposed to [plaintiff], who, certainly, if it was important to hold the g[r]ate . . . , he would have . . . been the one to know and he would have told [Horohoe].
>
> So . . . although I think there was an assumption of duty, I think that . . . the chain was broken, and that there was no liability on behalf of Grubb & Ellis and Mitsui.

As to the assumption of duty, plaintiffs cite to <u>Velazquez v. Jiminez</u>, which states that,

> if a party has a pre-existing duty to act and breaches it, either by failing to act or performing in a negligent manner, the breach will be actionable. In the absence of a pre-existing legal duty, if a party undertakes to act and does so in an unreasonable manner, that conduct will be actionable.
>
> [172 N.J. 240, 262-63 (2002) (citations omitted).]

"Whether a volunteer's conduct is reasonable depends upon the circumstances, including his or her experience and training."  Id. at 263.

> The standard of care to be imposed will vary with . . . the level of skill of the individual, and requires careful consideration of all the attending circumstances, including any disability under which the rescuer might be operating – e.g., physical incapacity as well as the urgency of the situation and the concomitant need to act quickly.
>
> [Ibid. (alteration in original) (internal quotation marks and citations omitted).]

"No party is required to volunteer in the absence of a pre-existing duty to do so." Ibid.  "The question of duty is one of law to be decided on a case-by-case basis." Ibid.

On appeal, plaintiffs contend that Horohoe was "not a mere bystander," but undertook a duty to act and did so in an unreasonable manner.  But the judge correctly said that although "there was an assumption of duty" by Horohoe, it was abandoned and "the chain was broken" when the cover fell on plaintiff because he "knew that Horohoe was not holding the sewer g[r]ate."  "Volunteers, persons under no duty to act, have been held liable for misfeasance or malfeasance, for their negligence in performance; but they are ordinarily not liable for a mere failure to perform the promised act."  O'Neill v. Suburban Terrace Apartments, Inc., 110 N.J. Super. 541, 545 (App. Div. 1970).  And in

10

Triggiani v. Olive Oil Soap Co., we explained that an affirmative duty generally continues, but if notice of its discontinuance has been given, this signifies an abandonment of the duty. 12 N.J. Super. 227, 230 (App. Div. 1951). So defendants argue that this is a case of nonfeasance rather than misfeasance and that Horohoe cannot be liable for signaling discontinuance of a voluntary assumption of duty, which plaintiff was aware of when he saw that Horohoe was no longer holding the cover. We agree, and like the Mitsui parties, the judge properly granted summary judgment to the Grubb & Ellis parties as a matter of law.

We emphasize that defendants were not under any duty to protect plaintiff from his own negligent actions. See Majestic Realty, 30 N.J. at 430-31 ("[O]rdinarily where a person engages a contractor, who conducts an independent business by means of his own employees, to do work not in itself a nuisance . . . , he is not liable for the negligent acts of the contractor in the performance of the contract."). Although Horohoe may have had a duty once he assisted plaintiff by holding the grate, he abandoned that duty, something plaintiff knew when he saw that Horohoe was no longer holding the cover on the last basin.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5719-17T1